Charlene Faye RAGAN,
Petitioner/Appellee,

v.

David Blake RAGAN,
Respondent/Appellant.

Court of Appeals of Tennessee,
Middle Section, at Nashville.

March 24, 1993.

Permission to Appeal Denied by
Supreme Court July 6, 1993.

Vicky V. Klein and L. Anthony Deas, Goodlettsville, for petitioner/appellee.

S. Ralph Gordon, Nashville, for respondent/appellant.

## OPINION

CANTRELL, Judge.

In this appeal from an order increasing the father's child support payments, the issues raised are: (1) whether there had been a material change of circumstances since the divorce, (2) whether the trial judge should have set support in compliance with the child support guidelines, and (3) whether the appellee is entitled to recover attorney's fees on appeal. We modify the lower court's judgment to provide that the support payments conform to the guidelines, and we award the appellee attorney's fees on appeal.

### I.

The parties divorced in 1986 and agreed that the mother should have primary custody of the minor child. The father agreed to pay support in the amount of $215 per month. Five years later, when the child was eleven, the mother asked the court to increase the support payments. After a hearing, the court increased the payments to $335 per month and ordered each party to pay his or her own attorney's fees. The father appealed.

### II.

■ The father asserts that the court erred in modifying the child support pay-

ments inasmuch as there was no change of circumstances since the divorce. The trial judge found that there was a material change of circumstances, noting that the child wore larger clothes, ate more, and participated in more activities. These changes translate into dollars, and the record contains proof from which an inference can be drawn that the child's expenses have increased dramatically since the divorce. In addition the father's gross monthly income has increased from $1,932.50 per month to $2,484.64 per month.

We think these facts show a substantial and material change of circumstances. *See* Tenn.Code Ann. § 36–5–101(a)(1).

### III.

■ The mother contends that the trial judge should have ordered the father to pay child support in accordance with the Department of Human Services guidelines. We agree. By statute the guidelines establish a rebuttal presumption of the proper amount of child support for a parent to pay. Tenn.Code Ann. § 36–5–101(e)(2). In order to deviate from the guidelines the court is required to make written findings that the application of the guidelines would be unjust or inappropriate. Tenn.Code Ann. § 36–5–101(e)(1). In this case the trial judge did not make any written findings, and we do not find any reason in the record why the amount of support should not be set according to the guidelines. Therefore, we modify the lower court's order to require the father to pay $398.53 per month as child support.

### IV.

■ The mother also asks the court to award her the attorney's fees incurred in this appeal. We think that is a proper request. The father appealed the decision of the trial court on the sole basis that the trial court erred in finding a change of circumstances. We find that contention to be without merit and sustain the mother's assertion that the father should pay support in accordance with the child support

guidelines. The allowance of attorney's fees for appealing this case is for the benefit of the child, and the custodial spouse should not have to bear the expense incurred on the child's behalf. *See Amos v. Amos,* No. 01–A–01–9204–CH–00156, 1992 WL 247644 (Tenn.App. Oct. 2, 1992). On remand, the trial court shall determine the amount of attorney's fees reasonably incurred in this appeal and enter a judgment accordingly.

The judgment of the court below is modified as indicated herein, and the cause is remanded to the Circuit Court of Davidson County for any further proceedings that may become necessary. Tax the costs on appeal to the appellant.

TODD, P.J., and LEWIS, J., concur.