DALE WHITFIELD LOFTUS,  )
                         )
    Petitioner/Counter-Respondent/  )
    Appellee,            )
                         )    Appeal No.
                         )    01-A-01-9702-PB-00066
VS.                      )
                         )    Davidson Probate
                         )    No. 90D-2478
ROBERT MARTIN LOFTUS, JR.,  )
                         )
    Respondent/Counter-Petitioner/  )
    Appellant.           )

**FILED**

**July 18, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

APPEALED FROM THE PROBATE COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE FRANK G. CLEMENT, JR., JUDGE

THOMAS C. BINKLEY
JEFFREY ZAGER
TRABUE, STURDIVANT & DEWITT
25th Floor, Nashville City Center
511 Union Street
Nashville, Tennessee 37219
    Attorney for Petitioner/Counter-Respondent/Appellee

KATHRYN G. BRINTON
43 Music Square West
Nashville, Tennessee 37203
    Attorney for Respondent/Counter-Petitioner/Appellant

AFFIRMED AND REMANDED

BEN H. CANTRELL, JUDGE

CONCUR:
TODD, P.J., M.S.
KOCH, J.

# **O P I N I O N**

The Probate Court of Davidson County set the father's support obligation below the amount called for in the child support guidelines. The father asserts on appeal that the court should have ordered a more drastic deviation or should have terminated his payments altogether. The mother asserts that the court erred in deviating from the guidelines. We affirm the lower court's order.

## I.

The parties were divorced by the Probate Court of Davidson County in March of 1991. In an agreed order, custody of the three minor children was awarded to the mother, with very liberal visitation privileges awarded to the father. In addition to all the major holidays in alternate years, four consecutive weeks in the summer, and another week during the school year, the father was allowed to have the children visit him two week nights, one weekend night and day each week and Sundays for three hours. Mr. Loftus agreed to pay $778 per month in child support.

After the divorce the mother went back to work at a modest salary, and the father's earnings grew substantially. In December of 1991 Ms. Loftus was offered a job that required her to travel from Monday morning to Thursday afternoon each week. The parties agreed to modify the visitation schedule so that Mr. Loftus would have custody from Monday morning when Ms. Loftus dropped the children off at school, until Thursday afternoon when she got back to town. The parties also agreed that Mr. Loftus would have the children on Saturdays from 9:00 a.m. to 5:00 p.m.

By the end of 1995 Mr. Loftus was earning $8,443.00 per month and Ms. Loftus earned $9,049.54 per month. On December 19 of that year Ms. Loftus filed a

petition to increase the child support payments. Mr. Loftus filed a counter-claim for custody of the children. After a hearing, the parties agreed that the previous custody order should be modified to award custody to the parties jointly, but the previous visitation schedule remained the same. The court set the amount of child support at $1600 per month to be paid by Mr. Loftus. The amount called for by the Tennessee Child Support Guidelines would have been $2400 per month.

## II.

There is a rebuttable presumption that the child support guidelines provide the correct amount of child support to be paid by the obligor parent. Tenn. Code Ann. § 36-5-101. The amounts listed in the guidelines assume that one parent will have primary physical custody and that the other parent will have the children for overnight visitation from Friday to Sunday every other week, two weeks in the summer, and two weeks during the holidays throughout the year. Tenn. Comp. R. & Regs. 1240-2-4-.02(6). The courts are allowed to deviate from the guidelines where overnight time is more evenly divided between the parents. Tenn. Comp. R. & Regs. 1240-2-4-.04(2)(b). See *Gray v. Gray*, 885 S.W.2d 353 (Tenn. App. 1994); *Koch v. Koch*, 874 S.W.2d 571 (Tenn. App. 1993). Where the time is more evenly divided the courts must make a case-by-case determination as to the appropriate amount of support. Tenn. Comp. R. & Regs. 1240-2-4-.02(6). An upward deviation is allowed where the obligor parent is not providing health insurance for the children. Tenn. Comp. R. & Reg. 1240-2-4-.04(1)(a).

We are of the opinion that the trial judge's determination of the appropriate amount of support should be affirmed. While Mr. Loftus argues that he has the children a majority of the time, the facts do not support that conclusion. Under the most extreme case, which existed for a time after 1991, he had the children three nights a week and during the day on Saturdays. In addition, the summer and holiday

schedules remained the same. His overnight visits amount to substantially more than the guidelines contemplate, but Ms. Loftus is still the primary custodial parent. She buys most of the children's clothes; provides them with health insurance; and since 1991, she has been increasingly able to curtail her travel schedule so that she spends more time at home. We also note that the number of days the children spend with Mr. Loftus is only slightly higher than the number provided in the final decree.

Based, in part, on Mr. Loftus' increased custody, the trial judge ordered a thirty-three percent deviation downward from the child support guidelines. Taking into account the health insurance provided by Ms. Loftus, the deviation amounts to more than one-third. We think the proper amount of child support under these circumstances addresses itself to the trial judge's discretion and we find no abuse of that discretion in this case.

### III.

Ms. Loftus has also asked to be awarded her attorney's fees on appeal. In *Ragan v. Ragan*, 858 S.W.2d 332 (Tenn. App. 1993), we held that the custodial spouse should not have to bear the expense incurred on behalf of the child when the father unsuccessfully appealed the trial court's support order. We think this case is similar and we award Ms. Loftus her attorney's fees on appeal. On remand, the trial judge will set a reasonable fee for Ms. Loftus' attorneys.

The judgment of the court below is affirmed and the cause is remanded to the Probate Court of Davidson County for further proceedings in accordance with this opinion. Tax the costs on appeal to the appellant.

_____
BEN H. CANTRELL, JUDGE


CONCUR:



_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION



_____
WILLIAM C. KOCH, JR., JUDGE