IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 27, 2001 Session

## DEBORAH STINNETT DAVIS v. JERRY CLINT DAVIS

**Appeal from the Circuit Court for Hamilton County**
**No. 91-DR-1047, Samuel H. Payne, Judge**

**FILED SEPTEMBER 25, 2001**

**No. E1999-02737-COA-R3-CV**

---

This appeal from the Hamilton County Circuit Court questions whether the Trial Court erred in failing to approve Ms. Davis's Statement of the Evidence, in retroactively modifying child support, in determining the amount of Mr. Davis's mortgage obligation to Ms. Davis, and in determining the amount of attorney's fees Mr. Davis was ordered to pay Ms. Davis. We affirm the judgment of the Trial Court as modified and remand with directions.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed as Modified; Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and D. MICHAEL SWINEY, JJ., joined.

Leslie D. McWilliams, Chattanooga, Tennessee, for the Appellant, Deborah Stinnett Davis.

Sherry B. Paty, Chattanooga, Tennessee, for the Appellee, Jerry Clint Davis.

### OPINION

This appeal arises from a Petition for Contempt and Modification filed by Deborah Stinnett Davis, the Appellant, on December 16, 1998. Ms. Davis appeals the decision of the Hamilton County Circuit Court and presents for our review four issues which we restate:

I. Whether the Trial Court erred in failing to approve Ms. Davis's Statement of the Evidence.

II. Whether the Trial Court erred in retroactively modifying Mr. Davis's child support obligation thereby denying Ms. Davis's request for a judgment of child support arrearage.

III.  Whether the Trial Court erred in determining the amount of Mr. Davis's unpaid balance on his mortgage obligation to Ms. Davis.

IV.  Whether the Trial Court erred in determining the amount of attorney's fees Mr. Davis was ordered to pay Ms. Davis.

We affirm the judgment of the Trial Court as modified and remand for further proceedings, consistent with this opinion.

Mr. and Ms. Davis were married July 12, 1975.  There were two children born of that marriage, Whitney L. Davis and Jennifer R. Davis.  Both children were minors at the time the divorce complaint was filed but have since reached eighteen years of age.  Ms. Davis filed for divorce on April 15, 1991.  A final decree was entered on August 26, 1991.  The Trial Court ordered Mr. Davis to pay one half of the mortgage payment "until such time as the residence is sold."  Additionally, Ms. Davis was awarded custody of the minor children and Mr. Davis was ordered to pay child support in the amount of $200 per week.

On May 27, 1992, Mr. Davis filed a Complaint for Modification attempting to reduce his child support obligation.  According to the record, an answer and counter complaint were filed on July 27, 1992, by Ms. Davis.  An order dismissing the action was entered on May 21, 1993.

On December 16, 1998, a Petition for Contempt and Modification was filed by Ms. Davis.  At the hearing on this matter on May 3, 1999, the Trial Court determined the following:

> 1.  The child support shall continue at the rate of $130.00 per week until May 31, 1999 at which time said child support obligation shall end.
>
> 2.  Plaintiff is awarded a judgment against the defendant in the amount $2,800.00 as reimbursement for the mortgage payments made by her.  Said judgment shall be paid at the rate of $50.00 per week directly to the plaintiff beginning June, 1999 and continuing each week thereafter until paid in full.
>
> 3.  There is no child support arrearage in this matter and the defendant's petition for contempt is dismissed.
>
> 4.  Plaintiff's attorney may submit an itemized time statement for the Court to consider an award of attorney fees.
>
> 5.  The court cost of this cause is adjudged against the defendant, **Jerry Clint Davis**, for which execution shall issue if necessary.  Atty fees of 500.00 to Deborah Davis.

Mr. Davis, through his attorney, hired a court reporter for the hearing. Apparently, Mr. Davis chose not to make the transcript available to Ms. Davis or to this Court.

We review the Trial Court's findings of fact *de novo* upon the record of the proceedings below, with a presumption of correctness "unless the preponderance of the evidence is otherwise." Tenn. R. App. P. 13(d); *see also Hass v. Knighton*, 676 S.W.2d 554 (Tenn. 1984). There is no presumption of correctness with regard to the trial court's conclusion of law, and those conclusions are reviewed *de novo*. *Jahn v. Jahn*, 932 S.W.2d 939 (Tenn. Ct. App. 1996).

I.

Ms. Davis's first issue on appeal questions whether the Trial Court erred in approving Mr. Davis's Statement of the Evidence. Ms. Davis argues that because the Trial Court failed to approve a statement of evidence within 30 days after the expiration of the 15 day period to file objections, the appellate rules require that the Appellant's Statement of the Evidence and exhibits[1] from the trial be approved and considered by this Court.

Mr. Davis argues that counsel for Ms. Davis did not participate in the hearing below on this matter and therefore cannot accurately represent the evidence of the hearing to this Court.[2] Additionally, Mr. Davis refutes Ms. Davis's argument that there was a problem with the time period in which the Trial Court approved a Statement of the Evidence.

We disagree with Ms. Davis and believe she is misinterpreting the order of events regarding this matter. The record reflects that the Notice of Appeal was filed by Ms. Davis on December 13, 1999. Ms. Davis filed her Statement of the Evidence on May 9, 2000. Ms. Davis argues that Mr. Davis did not submit his objections in a timely manner, however, the record reflects that Mr. Davis filed his objections to Ms. Davis's Statement of the Evidence on May 22, 2000, which is within the 15 day period set forth in the Tennessee Rules of Appellate Procedure. On June 23, 2000, Ms. Davis filed a second Statement of the Evidence and on July 11, 2000, Mr. Davis filed a Statement of the Evidence. The Trial Court approved the Statement of the Evidence submitted by Mr. Davis on

---

[1] The record indicates that exhibits were admitted at trial regarding the payments of child support by Mr. Davis, and mortgage payments by Mr. Davis. However, those exhibits were not included in the technical record, or otherwise properly made a part of the record on appeal. Instead, it appears that the original exhibits from the trial were attached to a Statement of the Evidence prepared by Ms. Davis, which was not adopted by the Trial Court, and therefore not a part of the record on appeal. The documents attached to Ms. Davis's Statement of the Evidence have exhibit stickers placed on them in a manner consistent with that which a court reporter normally does to exhibits before they are entered into evidence at trial. Neither party specifically argues the fact that these exhibits should have been included in the record on appeal. Furthermore, the appropriate time to have raised such an issue was before oral argument on this case. The Tennessee Rules of Appellate Procedure provide for the method by which one would have trial exhibits included in the record when they have been inadvertently omitted. Attaching them to a Statement of the Evidence is not one of those methods. Therefore, this Court is not able to consider those exhibits.

[2] While the attorney of record for Ms. Davis did not personally appear at the hearing below on this matter, Ms. Davis was represented by an attorney from the law firm of her attorney of record.

January 23, 2001. Rule 24(c) of the Tennessee Rules of Appellate Procedure provides in pertinent part:

> If no stenographic report, substantially verbatim recital or transcript of the evidence or proceedings is available, the appellant shall prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal. The statement, certified by the appellant or the appellant's counsel as an accurate account of the proceedings, shall be filed with the clerk of the trial court within 90 days after filing the notice of appeal. . . . If the appellee has objections to the statement as filed, the appellee shall file objections thereto with the clerk of the trial court within fifteen days after service of the declaration and notice of the filing of the statement. Any differences regarding the statement shall be settled as set forth in subdivision (e) of this rule.

Rule 24(e) of the Tennessee Rules of Appellate Procedure states in pertinent part:

> If any matter properly includable is omitted from the record, is improperly included, or is misstated therein, the record may be corrected or modified to conform to the truth. Any differences regarding whether the record accurately discloses what occurred in the trial court shall be submitted to and settled by the trial court regardless of whether the record has been transmitted to the appellate court. Absent extraordinary circumstances, the determination of the trial court is conclusive. If necessary, the appellate or trial court may direct that a supplemental record be certified and transmitted.

According to Tenn. R. App. P. 24(c), "any differences regarding the statement shall be settled as set forth in subdivision (e) of this rule." Further, subdivision (e) states, "the determination of the trial court is conclusive." Mr. Davis filed his objections in a timely manner. While the Trial Court may not have complied with the time limitations set forth in Tenn. R. App. P. 24(f), it did approve the Statement of the Evidence submitted by Mr. Davis. Tenn. R. App. P. 24(f) states:

> The trial judge shall approve the transcript or statement of the evidence and shall authenticate the exhibits as soon as practicable after the filing thereof or after the expiration of the 15-day period for objections by appellee, as the case may be, but in all events within 30 days after the expiration of said period for filing objections. Otherwise the transcript or statement of the evidence and the exhibits shall be deemed to have been approved and shall be so considered by

the appellate court, except in cases where such approval did not occur by reason of the death or inability to act of the trial judge. In the event of such death or inability to act, a successor or replacement judge of the court in which the case was tried shall perform the duties of the trial judge, including approval of the record or the granting of any other appropriate relief, or the ordering of a new trial. Authentication of a deposition authenticates all exhibits to the deposition. The trial court clerk shall send the trial judge transcripts of evidence and statements of evidence.

The purpose of the record on appeal is "to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(a). The Rules provide a procedural process by which either party may rectify an inadequacy. Tenn. R. App. P. 24(a). Additionally, Rule 1 provides that the purpose of the Tennessee Rules of Appellate Procedure is "to secure the just, speedy, and inexpensive determination of every proceeding on its merits." Tenn. R. App. P. 1. In order to achieve the aforementioned, the rules expressly provide that an appellate court, in its discretion, may suspend the requirements or provisions of any of the rules, except those governing the time for taking an appeal as of right, applying for permission to appeal from an intermediate appellate court to the Supreme Court, and for petitioning for review in cases in which the Court of Appeals directly review orders of an administrative agency. Tenn. R. App. P. 2.

Because the Trial Judge did approve one of the statements submitted, and because the Trial Judge is in the best position to determine which Statement of the Evidence most accurately reflects what transpired at the Trial Court level, we suspend the time limit placed on the Trial Court as required by Rule 24(f) resulting in the determination of the trial court becoming conclusive regarding which Statement of the Evidence it deems most accurate.

## II.

Ms. Davis's second issue on appeal questions whether the Trial Court erred in retroactively modifying Mr. Davis's child support obligation thereby denying her request for a judgment of child support arrearage. Ms. Davis argues that Mr. Davis unilaterally reduced his child support obligation from $200.00 per week to $130.00 per week in November 1992, and that he has an arrearage of $23,633.99 plus interest.

Mr. Davis contends that he did not unilaterally reduce his child support. He argues that he filed a complaint for the modification of his child support on May 27, 1992, and that Ms. Davis filed an answer and counter-complaint. He further argues that Ms. Davis agreed to a reduction in child support at that time. Additionally, Mr. Davis argues that he paid $130.00 per week in child support consistently from November, 1992, through May, 1999, when his youngest daughter reached the age of majority and that for a period of approximately two years he continued to pay child support at

$130.00 per week even though his oldest daughter had reached the age of majority. Therefore, he argues he has actually paid more child support than what was owed.

According to the record before this Court, Mr. Davis filed a Complaint for Modification on May 27, 1992, seeking a reduction in child support. Ms. Davis filed an Answer and Counter Complaint on July 27, 1992. On May 21, 1993, an Order Dismissing Complaint for Modification was filed which states the following:

> The foregoing case came on to be heard before the Court on December 7, 1992 on a Complaint for Modification, when the attorneys announced to the Court that an agreed order would be submitted, but never submitted an order, and taking into consideration these facts, it is, therefore ORDERED by the Court that said Complaint for Modification is hereby dismissed, without prejudice, with costs taxed against the petitioner for which execution may issue.

It appears from this Order that an agreement was reached by the parties on the day of the hearing and that the agreement was to be reduced to writing and submitted to the Court in the form of an agreed order. Unfortunately for Mr. Davis, that never occurred, and he is therefore left without a court order modifying child support. It also appears from the record that Mr. Davis paid child support to Ms. Davis from December 1992 until the youngest child turned 18 years old in the amount of $130 per week, and that Ms. Davis accepted that payment until December 16, 1998, when Ms. Davis filed a Petition for Contempt and Modification.

According to the Statement of the Evidence submitted to this Court, Ms. Davis testified at the hearing on this matter on July 11, 2000, that in November, 1992, Mr. and Ms. Davis had a conversation in which both parties agreed to reduce Mr. Davis's child support obligation from $200 per week to $130 per week as Mr. Davis was unemployed at that time. Ms. Davis also testified that Mr. Davis sought the reduction in child support through the judicial process, but that she asked him not to pursue his Complaint for Modification as she could not afford an attorney, and that she would agree that his child support obligation would be reduced to $130 per week. Mr. Davis testified to the same set of facts regarding the agreed reduction in his child support obligation, according to the Statement of the Evidence.

It is obvious to this Court that both parties believed an agreement was reached as to a reduction in child support. However, because neither party submitted the agreed order to the Trial Court that agreement is ineffective. Parties cannot alter or amend a child support order by private agreement once it has been entered. *State of Tennessee v. Goode*, 968 S.W.2d 834 (Tenn. Ct. App. 1998), *Rasnic v. Wynn*, 625 S.W.2d 278 (Tenn. Ct. App. 1981). Mr. Davis did much more than simply obtain a private agreement from Ms. Davis. Unfortunately, the fact that the agreement was never reduced to an order from the Trial Court renders it ineffective pursuant to T.C.A. 36-5-101(a)(5), which states in pertinent part:

-6-

> Any order for child support shall be a judgment entitled to be enforced as any other judgment of a court of this state and shall be entitled to full faith and credit in this state and in any other state. Such judgment shall not be subject to modification as to any time period or any amounts due prior to the date that an action for modification is filed and notice of the action has been mailed to the last known address of the opposing parties.

Additionally, there are no equitable defenses available to Mr. Davis. *Rutledge v. Barrett*, 802 S.W.2d 604, (Tenn. 1991). While denying Mr. Davis the opportunity to raise equitable defenses in this situation does seem harsh, it was the intent of the General Assembly and the Tennessee Supreme Court to require all obligor parents to comply fully with lawful child support orders, which outweighs the seemingly unfair results in cases such as the one before us. *State of Tennessee v. Goode*, 968 S.W.2d 834 (Tenn Ct. App. 1998).

Therefore, we find that the Trial Court was in error in determining that no child support arrearage was owed by Mr. Davis. We remand to the Trial Court for the taking of testimony by both parties on the issue of child support paid by Mr. Davis and a determination of the arrearage owed and method of payment. The record before this Court is incomplete with respect to evidence of payments of child support.[3]

III.

The third issue on appeal questions whether the Trial Court erred in determining the amount of Mr. Davis's unpaid balance on his mortgage obligation to Ms. Davis. Ms. Davis argues that Mr. Davis was required to pay one half of the mortgage payment until the marital residence sold. Ms. Davis further argues that Mr. Davis did not comply fully with the court-ordered obligation and therefore owes her $4,333.99 instead of the amount of $2,800.00 which the Trial Court ordered him to pay. Ms. Davis bases her argument on documentation presented at trial which this Court does not have before it for review.

Mr. Davis argues that Ms. Davis's claim as to any money owed for the mortgage is barred by the statute of limitations for contract actions. The Statement of the Evidence submitted to this Court does not reflect that Mr. Davis raised the issue of statute of limitations at trial. Furthermore, Mr. Davis retained the court reporter for the Trial and has access to the trial transcript, but refused to have it submitted for this appeal. Without an indication that Mr. Davis argued that recovery by Ms. Davis as to any mortgage payments owed to her was barred by the statute of limitations at trial, we cannot address that issue here. An issue not raised at trial cannot be raised for the first time on appeal. *Mitts v. Mitts*, 39 S.W. 3d 142 (Tenn. Ct. App. 2001); *Sparks v. Metropolitan Gov't of Nashville and Davidson County*, 771 S.W.2d 430 (Tenn. Ct. App. 1989).

---

[3] As previously mentioned, it appears from the record that exhibits were introduced at trial but are not part of the record before this court.

-7-

As for Ms. Davis's argument, the Statement of the Evidence states that Ms. Davis testified she did not receive any payments on the mortgage from Mr. Davis after January, 1992. Additionally, it reflects that Ms. Davis testified that the residence was sold in November, 1992, and that she introduced a payment history of mortgage payments Mr. Davis had made to her regarding this matter[4]. Finally, the Statement of the Evidence states that Ms. Davis testified that Mr. Davis owes her $4,381.00.[5]

With respect to Mr. Davis, the Statement of the Evidence only states that he acknowledged making payments on his portion of the mortgage to Ms. Davis and that he does not believe there is any arrearage owed.

The Trial Court ordered the following:

> Plaintiff is awarded a judgment against the defendant in the amount $2,800.00 as reimbursement for the mortgage payments made by her. Said judgment shall be paid at the rate of $50.00 per week directly to the plaintiff beginning June, 1999 and continuing each week thereafter until paid in full.

Based on the information available to this Court, we cannot find that the evidence preponderate against the finding of the Trial Court in determining that Mr. Davis owed Ms. Davis an amount of $2,800.00. Therefore, we affirm the decision of the Trial Court.

IV.

The fourth issue on appeal questions whether the Trial Court erred in determining the amount of attorney's fees Mr. Davis was ordered to pay Ms. Davis. Ms. Davis argues that pursuant to T.C.A. 36-5-103(c) she is entitled to attorney's fees incurred at trial and that Mr. Davis should pay the attorney's fees incurred on appeal.

Mr. Davis argues that the Trial Court erred in awarding Ms. Davis $500.00 in attorney's fees and that he is entitled to recover his costs in attorney's fees for this appeal from Ms. Davis.

At the hearing on this matter on May 3, 1999, the Trial Court ordered that "Plaintiff's attorney may submit an itemized time statement for the Court to consider an award of attorney fees." The order then set forth an amount of $500.00 awarded to Ms. Davis in attorney's fees. Ms. Davis is not satisfied with the amount awarded to her at trial. The issue of attorney's fees is addressed at T.C.A. 36-5-103(c), which states:

---

[4] As previously stated, the exhibits introduced at trial were not made a part of the record on appeal. As a consequence, this Court cannot consider those exhibits.

[5] Ms. Davis argues that Mr. Davis owes her $4,333.99 at some places in her brief and $4,381.00 at other places in her brief.

> The plaintiff spouse may recover from the defendant spouse, and the spouse or other person to whom the custody of the child, or children, is awarded may recover from the other spouse reasonable attorney fees incurred in enforcing any decree for alimony and/or child support, or in regard to any suit or action concerning the adjudication of the custody or the change of custody of any child, or children, of the parties, both upon the original divorce hearing and at any subsequent hearing, which fees may be fixed and allowed by the court, before whom such action or proceeding is pending, in the discretion of such court.

The award of attorney's fees is a matter of wide discretion for the trial court and absent an abuse of discretion we will not overturn that decision. *Marmino v. Marmino*, 238 S.W.2d 105 (Tenn. Ct. App. 1950) We conclude the Trial Court acted within its discretion in awarding Ms. Davis $500.00 in attorney's fees.

The award of attorney's fees on appeal is discretionary. T.C.A. 36-5-103(c). In child support cases where one parent must litigate or appeal a case on behalf of the minor children in order to secure their financial well being it is appropriate. *Graham v. Graham*, 204 S.W. 987 (Tenn. 1918); *Deas v. Deas*, 774 S.W.2d 167 (Tenn. 1989); *Ragan v. Ragan*, 858 S.W.2d 332 (Tenn. Ct. App. 1993). Based on the facts presented to the Court in this matter, we conclude that the parties should pay their own attorneys' fees on appeal.

For the foregoing reasons the judgment of the Trial Court is affirmed as modified and the case remanded for proceedings not inconsistent with this opinion. Costs of appeal are adjudged equally against the Appellant, Deborah Stinnett Davis and her surety and Appellee, Jerry Clint Davis.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE