IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 8, 2012

# JAMES TODD HARRIS v. AMY PRICE HARRIS

**Appeal from the Circuit Court for Sevier County**
**No. 2011-0457-II      Richard R. Vance, Judge**

---

**No. E2012-00300-COA-R3-CV-FILED-OCTOBER 31, 2012**

---

This appeal arises from a dispute over the trial court's jurisdiction to hear an appeal from a magistrate's order on child support. Amy Price Harris ("Mother") filed a petition to increase child support from her former husband, James Todd Harris ("Father"), for their minor child. Two hearings were held before a magistrate, resulting in, among other things, an increase of child support. The trial judge did not confirm the magistrate's order. This case later was transferred from the Fourth Circuit Court for Knox County to the Circuit Court for Sevier County ("the Trial Court"). Several months later, Father filed a motion to correct the magistrate's order concerning child support. The Trial Court held that it lacked jurisdiction at that point to change the prior child support arrearage judgment or hold a rehearing on that issue. Father appeals. We vacate the judgment of the Trial Court and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated;**
**Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., and JOHN W. MCCLARTY, JJ., joined.

Rebecca D. Slone, Dandridge, Tennessee, for the appellant, James Todd Harris.

Felisha B. White, Seymour, Tennessee, for the appellee, Amy Price Harris.

**OPINION**

**Background**

Father and Mother divorced in 1995, and subsequently shared joint custody of their minor child. Father was ordered to pay child support for the parties' minor child in the amount of $80.00 per week. This amount later was increased to $110.54 per week. The parties' relations apparently grew increasingly antagonistic. In 2003, both parties signed a document that purported to terminate Father's parental rights to the child.[1] Father stopped making child support payments. In 2009, Mother filed her Petition to Modify and for Civil Contempt, alleging that Father had not fulfilled his obligations. Father filed an answer in opposition to Mother's petition, alleging that Mother had attempted to bar him from the child's life.

The first hearing on this petition was conducted before the Referee for the Fourth Circuit Court for Knox County. As a result of that hearing, the Referee, in June 2010, entered an order increasing Father's child support obligation to $758.00 per month and finding Father to be in arrears of $41,273.63 for child support and $1,153.05 in reimbursements for health insurance premiums. An additional hearing took place in October 2010.[2] As a result of that hearing, the Magistrate of the Fourth Circuit Court for Knox County, among other things, increased Father's child support to $968.00 per month and child support arrears to $45,142.26. Attorney's fees also were awarded to Mother. Neither order was confirmed by the Judge for the Fourth Circuit Court for Knox County.

In March 2011, Father, with new counsel, filed a motion to transfer venue to the Trial Court. The case subsequently was transferred out of Knox County to the Trial Court. In September 2011, Father filed his Petition for Correction of Judgment and Modification of Child Support and Parenting. In his petition, Father alleged, with respect to the most recent order of the Magistrate, that, among other things: no confirmation order ever was entered; the child support calculations had a faulty basis; Father was entitled to a set off credit based on his being entitled to claim the child as a dependent for tax purposes; and, that Mother had defrauded Father in 2003 by representing that his parental rights were terminated.

---

[1] This rather dubious document did not terminate Father's parental rights.

[2] At the second hearing, the same presiding individual, formerly referred to as Referee, now was referred to as Magistrate. This distinction is not relevant in this appeal.

A hearing, for which the record contains a transcript, was conducted on Father's petition in December 2011. The Trial Court stated that review of the Referee's decision required a request for hearing within 10 days, which did not happen in this case. In January 2012, the Trial Court entered its order denying Father's petition on jurisdictional grounds. The Trial Court stated in relevant part: "Upon arguments of counsel and entire record as a whole, this Court finds that it does not have jurisdiction to change or modify the prior arrearage judgment amount or to have a rehearing regarding those issues." The Trial Court thus denied Father's request for correction. Father appeals to this Court.

**Discussion**

Though not stated exactly as such, Father raises one issue on appeal: whether the Trial Court erred in holding that it lacked jurisdiction to hear Father's petition. Mother requests her attorney's fees on appeal.

Our review is *de novo* upon the record, accompanied by a presumption of correctness of the findings of fact of the trial court, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). A trial court's conclusions of law are subject to a *de novo* review with no presumption of correctness. *S. Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001).

Regarding appeals of magistrate's decisions in child support matters, Tennessee law provides in relevant part:

(g) Upon the conclusion of the hearing in each case, the magistrate shall transmit to the judge all papers relating to the case, along with the magistrate's findings and recommendations in writing. A magistrate's decision on a preliminary matter, not dispositive of the ultimate issue in the case, shall be final and not reviewable by the judge.

(h) Any party may, within five (5) days thereafter, excluding nonjudicial days, file a request for a hearing by the judge of the court having jurisdiction. The judge may, on the judge's own motion, order a rehearing of any matter heard before a magistrate, and shall allow a hearing if a request for such is filed as herein prescribed. Unless the judge orders otherwise, any recommendation of the magistrate shall be in effect pending rehearing or approval by the court.

(I) If a hearing before the judge is not requested, the findings and recommendations of the magistrate become the final decree of the court when confirmed by an order of the judge.

Tenn. Code Ann. § 36-5-405 (g) - (i) (2010).

Father relies on *State. Dept. of Children's Services v. S.A.M.H.*, No. E2004-02543-COA-R3-PT, 2005 WL 850356 (Tenn. Ct. App. April 13, 2005), *no appl. perm. appeal filed*. In *S.A.M.H.*, the referee concluded that mother's parental rights to her children should be terminated. *Id*. at *2. The referee failed to notify mother that she had five judicial days in which to request a rehearing before the juvenile court judge, and mother filed her petition late. *Id*. The juvenile court judge declined to hear mother's appeal, holding that the appeal was not filed timely. *Id*. We reversed, holding that, as the referee's order had not yet been confirmed, the juvenile court judge retained jurisdiction. *Id*. at *6. We stated:

> After reading the transcript from the hearing on whether Mother was entitled to a *de novo* hearing before the Juvenile Court Judge, it appears to this Court that the Juvenile Court Judge certainly wanted to correct any potentially negative effects flowing from the Referee's inadvertent noncompliance with Tenn. R. Juv. P. 4(c)(2). However, the Juvenile Court Judge believed he was without any jurisdiction to do so. This belief was mistaken because at that particular point in time the Referee's order had yet to be confirmed by the Juvenile Court Judge. Therefore, the Referee's order was not final even though the time for Mother to perfect an appeal may have passed. Absent a final order of confirmation, the Juvenile Court Judge had the authority under Tenn. Code Ann. 37-1-107(e) and Tenn. R. Juv. P. 4(c)(1) to order a full evidentiary rehearing regardless of whether Mother had filed a timely appeal. After considering all relevant factors, including the Referee's failure to comply with Tenn. R. Juv. P. 4(c)(2) as well as Mother's constitutionally protected rights, we hold that under these circumstances the Juvenile Court Judge erred by not granting Mother a rehearing on his own motion.

*S.A.M.H.*, 2005 WL 850356, at *6.

Mother disputes the relevance of *S.A.M.H.*, noting that the rule and statute involved there, Tenn. R. Juv. P. (4)(c)(2) and Tenn. Code Ann. § 37-1-107 (e), are not applicable in this case. However, the language of Tenn. Code Ann. § 37-1-107 (e) is virtually identical to the language of Tenn. Code Ann. § 36-5-405 (h), the section Mother argues is relevant and applicable.[3]

We believe the fundamental rationale supporting our opinion in *S.A.M.H.* applies equally as well to this case. The record does not contain an order from either the Fourth Circuit Court for Knox County or the Trial Court confirming the order of the Magistrate. Therefore, the Magistrate's order was not final. The Trial Court had the discretion whether to hear Father's untimely filed petition, and then, if it decided to hear the petition, whether to grant or deny the petition. Here, the Trial Court never exercised its discretion, instead denying Father's requested relief on jurisdictional grounds. Respectfully, this was in error. We vacate the judgment of the Trial Court and remand the case for the Trial Court to exercise its discretion whether to hear Father's petition, and, if so, whether to grant or deny the petition. If the Trial Court, in its discretion, declines to hear Father's petition, it then should enter an order confirming the Magistrate's order.

Next, we address whether Mother should be awarded her attorney's fees on appeal. Mother cites to language from an opinion of this Court in which we awarded the custodial mother attorney's fees when she defended the father's appeal of an increase in child support, to wit: "The allowance of attorney's fees for appealing this case is for the benefit of the child, and the custodial spouse should not have to bear the expense incurred on the child's behalf." *Ragan v. Ragan*, 858 S.W.2d 332, 334 (Tenn. Ct. App. 1993). However, in *Ragan*, we also stated that the father's appeal rested on a contention "without merit." *Id*. In the instant case, on the other hand, Father prevails on appeal. This is a significant distinction. We decline to award Mother her attorney's fees on appeal.

---

[3]Tenn. Code Ann. § 37-1-107 (e) (2010) provides:

(e) Any party may, within five (5) days thereafter, excluding nonjudicial days, file a request with the court for a hearing by the judge of the juvenile court. The judge may, on the judge's own motion, order a rehearing of any matter heard before a magistrate, and shall allow a hearing if a request for such hearing is filed as herein prescribed. Unless the judge orders otherwise, the recommendation of the magistrate shall be the decree of the court pending a rehearing.

**Conclusion**

The judgment of the Trial Court is vacated, and this cause is remanded to the Trial Court for further proceeding as necessary and as consistent with this Opinion. The costs on appeal are assessed against the Appellee, Amy Harris Price.

_____
D. MICHAEL SWINEY, JUDGE