In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00147-CV
_____

BETTY JEAN SPEARS, Appellant

V.

ALFORD HAYNES, Appellee

On Appeal from the 60th District Court
Jefferson County, Texas
Trial Cause No. B-197,505

**MEMORANDUM OPINION**

Betty Jean Spears appeals from a summary-judgment ruling where the trial

court found Spears lost the property she owned after the property was sold in a non-

judicial foreclosure sale that occurred in 2015.[1] The property at issue in the dispute

---

[1] A *non-judicial* foreclosure occurs under state laws that allow them when the sale of property occurs without court supervision. *See Obduskey v. McCarthy & Holthus LLP*, ____ U.S. ___, 139 S.Ct. 1029, 1034 (2019).

is located in Beaumont, Texas. The suit subject to appeal began when Spears sued Alford Haynes, the individual who purchased the property from the entity that acquired it at foreclosure. Haynes moved for summary judgment on Spears's claims alleging she owned the property. He also moved to dismiss or to grant his request for summary judgment on Spears's claim alleging she had the right to continue living on the property as a tenant.

For the reasons explained below, we affirm the judgment in part, and we reverse the judgment in part.

Background

In July 1999, Associates Financial Services Company of Texas, Inc. (Associates Financial) loaned Spears $47,311[2] under the terms of a written, home-equity loan. Spears signed a deed of trust to support the loan, mortgaging the property at issue in the appeal.

Between 1999 and November 2013, four separate entities, or holders in due course, acquired Spears's note. One of these, Wells Fargo Bank, N.A., sued Spears in 2012 to foreclose when Spears defaulted on the obligation she had to make the

---

[2] To simplify the numbers referred to in the opinion, we have rounded them to the nearest whole number.

monthly payments required by her note.[3] We discuss the suit between Spears and Wells Fargo in some detail because Haynes argues in his motion for summary judgment that Spears lost her rights in the property at issue after Wells Fargo foreclosed on Spears's note. In his motion for summary judgment and the documents attached to it, Haynes showed Wells Fargo, in its suit against Spears, asked the 136th District Court for the following: (1) to issue a declaratory judgment that it owned the property described in the deed of trust that Spears had signed when she collateralized her home-equity loan; (2) to reform the legal description of the property as it is found in the deed of trust;[4] (3) to reform the property descriptions in the various assignments that had been made over the years when the entities acquired Spears's note; and (4) to declare that Wells Fargo's lien on the property was valid, given the

---

[3] Spears appealed from the judgment issued by the 136th District Court. But she subsequently notified the Court of Appeals that her appeal had become moot. This Court dismissed the appeal in 2016. *Spears v. Wells Fargo Bank N.A.*, No. 09-13-00485-CV, 2016 Tex. App. LEXIS 405, at *1 (Tex. App.—Beaumont, Jan. 14, 2016, no pet.). In the appeal now before us, Spears suggests the dismissal of her appeal vacated the judgment Wells Fargo obtained against her in 2013. We disagree. The Rules of Appellate Procedure authorize appellate courts to "vacate the trial court's judgment and dismiss the case" or "dismiss the appeal." Tex. R. App. P. 43.2(e), (f). We dismissed Spears's appeal as moot, without reference to the merits. *See* Tex. R. App. P. 43.2(f). Consequently, our dismissal left that judgment intact.

[4] The document that we refer to in the opinion as the deed of trust is titled "TEXAS HOME EQUITY SECURITY INSTRUMENT." It includes the agreements typically found in deeds of trust.

terms in the deed of trust. To establish Spears no longer owned the residence, Haynes included certified copies of the home-equity loan documents and the document that Spears signed pledging the residence as collateral with his motion for summary judgment. The loan documents Spears signed are file stamped, and the stamps reflect the documents were duly filed in real property records that are maintained in Jefferson County.

In 2013, the 136th District Court issued a final judgment in the Spears/Wells Fargo suit. In its judgment, the trial court found Spears "in default." The 136th District Court also found Wells Fargo to be "the beneficiary of [the] agreement on the property made the basis of [the] lawsuit." The judgment contains language that reformed the property descriptions in the documents relevant to Spears's note and the various assignments relevant to Wells Fargo's lien. Finally, the 136th District Court's judgment expressly allowed Wells Fargo to enforce its lien "by a non-judicial foreclosure action [as allowed under the Texas Constitution and Property Code]."[5]

While Wells Fargo obtained the above-described judgment in its suit against Spears, it did not then follow up on the judgment and sell Spears's property in a non-

---

[5] *See generally* Tex. R. Civ. P. 735-736.

judicial foreclosure sale. Instead, Wells Fargo chose to assign its rights to Spears's loan and in the judgment to Bayview Loan Servicing, LLC (Bayview). At Bayview's request, the substitute trustee posted the property for sale in 2015. The property was then sold by the substitute trustee in a non-judicial foreclosure sale conducted in 2015.

Bayview, the entity that held Spears's note in 2015, was the successful bidder at the sale. Afterward, the substitute trustee signed a substitute-trustee's deed that conveys legal title in the property to Bayview. The recitations in the substitute-trustee's deed state that Bayview purchased the property from the substitute trustee for $56,070.

In 2015, Haynes purchased the property from Bayview, and Bayview gave Haynes a special warranty deed evidencing the transaction.[6] Copies of the documents relevant to Haynes's transaction with Bayview are attached to Haynes's motion for summary judgment. After purchasing the property, Haynes sued to evict Spears from the property. While Haynes and Spears both mention eviction proceedings in their pleadings, neither party filed pleadings relevant to the eviction case in the case at issue in this appeal. After Haynes sued Spears in a justice court to

---

[6] The special warranty deed includes several reservations. But none of these are relevant to the issues that Spears has raised in her appeal.

evict her from the property, Spears sued Haynes in the 60th District Court, alleging Haynes had slandered the title to her property, clouded its title, and damaged her by wrongfully suing her for eviction.

Just over two years after Spears sued Haynes, Haynes moved for summary judgment or to dismiss Spears's claims. With respect to the claims that involved who owned the property, Haynes's motion alleges Spears lost her rights to the property at foreclosure. As to her wrongful eviction claim, Haynes asked the trial court to dismiss the claim on two grounds, arguing that justice courts, not district courts, have exclusive jurisdiction over that type of claim. And Haynes also claimed that the judgment of eviction, which he claimed the justice court issued, resolved whether Spears had a right to remain on the property as a tenant.

Haynes filed his affidavit as further support for his motion. The affidavit states: (1) Haynes purchased the residence from Bayview for $53,550 in a sale that was conducted over the internet; (2) he knew Bayview acquired the property in a foreclosure sale; (3) when he purchased the property from Bayview, he did not know that Spears still claimed she owned the property; (4) he did not know that Spears still lived in the residence on the property when he purchased it; and (5) he described his transaction with Bayview as "an arm's length transaction."

6

Issues

In four issues, Spears argues (1) the trial court erred by failing to honor her request to reduce the court's findings and conclusions to writing, (2) the trial court's failure to honor her request for written findings has prevented her from presenting her case properly on appeal, (3) the trial court erred by granting Haynes's motion for summary judgment, and (4) the trial court erred by failing to grant her motion for rehearing.

## Issues One and Two,
## The Lack of Findings and Conclusions

Spears's first two issues complain about the trial court's refusal to comply with her written request for findings and conclusions. Before reaching the merits of her first two issues, however, we must decide if Spears preserved her right to appellate review of a complaint alleging the trial court failed to honor her request for written findings.

To preserve a right to appellate review of a complaint about a trial court's failure to provide a party with written findings, the record must show the party requesting the findings both filed a request and then, when the trial court failed to provide them, filed a written reminder notifying the trial court that it had not

7

complied with the party's request for findings.[7] In her appeal, Spears suggests the law placed a duty on the trial court to remind her that it did not intend to comply with her request. The Rules of Civil Procedure, however, do not place that duty on the trial court. Instead, the Rules burden the party who asked for written findings to notify the trial court, in writing, that the trial court had failed to comply with that party's request.[8]

Spears did not file the required written notice notifying the trial court that it failed to comply with her request. Consequently, Spears failed to preserve her right to complain about the alleged error in her appeal.[9]

In issue two, Spears contends the lack of written findings has prevented her from properly presenting her case on appeal.[10] We disagree. A party's burden to

---

[7] *Sonnier v. Sonnier*, 331 S.W.3d 211, 214 (Tex. App.—Beaumont 2011, no pet.).

[8] *See* Tex. R. Civ. P. 297 ("If the court fails to file timely findings of fact and conclusions of law, the party making the request shall, within thirty days after filing the original request, file with the clerk and serve on all other parties in accordance with Rule 21a a 'Notice of Past Due Findings of Fact and Conclusions of Law' which shall be immediately called to the attention of the court by the clerk.").

[9] *Id.*; *see also U.S. Ply, Inc. v. ARCI, Ltd.*, No. 09-17-00128-CV, 2019 Tex. App. LEXIS 3324, at *45 (Tex. App.—Beaumont 2019, Apr. 25, 2019, no pet.) ("If a party fails to file a notice of past due findings, it can no longer complain of the trial court's failure to provide the parties with written findings.").

[10] *See* Tex. R. App. P. 44.1.

establish it is entitled to summary judgment requires the party filing the motion prove it is entitled to a judgment in its favor as a matter of law.[11] This appeal concerns a ruling made on a motion for summary judgment. When requests for findings are made in cases involving rulings on motions for summary judgment, trial courts may—but are not required—to provide the parties with their findings.[12] The reason no findings are required by the law is that the findings are not needed for the purposes of an appeal. That is because the courts need only determine whether the evidence established a matter at issue in the motion as a matter of law. Written findings are therefore not needed to review the ruling because the record, without more, allows the appellate court to determine whether the trial court could grant or deny the motion.[13]

We conclude that Spears's first two issues are either unpreserved for our review or have no merit. Both are overruled.

---

[11] *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003).

[12] *See King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003).

[13] *See IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 441-42 (Tex. 1997) (explaining that "a request for findings and conclusions following summary judgment can have no purpose, should not be filed, and if filed, should be ignored by the trial court").

## Issue Three,
### Spears's Ownership and Wrongful Eviction Claims

*Standard of Review*

In issue three, Spears presents three arguments, two supporting her claim that Haynes failed to establish as a matter of law that she no longer owns the property, and one claiming the trial court erred by concluding it did not have jurisdiction over her wrongful eviction claim.[14] We note that the scope of our review is limited to the issues Haynes argued in his motion.[15]

We briefly note the standard of review that applies to our review of a trial court's summary-judgment ruling. Appellate courts review such rulings using a de novo standard.[16] If the trial court's ruling required the trial court to examine evidence, the evidence the court considered is reviewed, in the appeal, "'in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion.'"[17] We apply the above standards to our review.

---

[14] *See Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970).

[15] *See Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995).

[16] *Knott*, 128 S.W.3d at 215.

[17] *See Schlumberger Tech. Corp. v. Pasko*, 544 S.W.3d 830, 833 (Tex. 2018) (quoting *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005)).

Facts supporting summary-judgment claims may be established as a matter of law if the evidence supporting the motion shows reasonable people could not differ about the conclusions that can be reached from the evidence the trial court reviewed that supports the trial court's ruling.[18] In reviewing a trial court's ruling on such motions, "we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor."[19] That said, we must uphold the trial court's ruling if the party that moved for summary judgment proved it was entitled to have a judgment issued in its favor as a matter of law.[20]

When the defendant is the party that files the motion, it bears the burden of conclusively negating at least one element of each of the opposing party's claims, or it must conclusively establish all the elements of an affirmative defense that it raised against each of the opposing party's claims.[21] For traditional motions for summary judgment, which is the type of motion at issue here, the defendant must show that

---

[18] *See City of Keller*, 168 S.W.3d at 816.

[19] *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 157 (Tex. 2004).

[20] *See id.*

[21] Tex. R. Civ. P. 166a(c); *KCM Fin. LLC v. Bradshaw*, 457 S.W.3d 70, 79 (Tex. 2015).

no genuine issues of material fact exists supporting at least one element of each of the plaintiff's claims.[22] If the defendant meets that burden, the burden of proof then shifts to the plaintiff, which then requires the plaintiff to produce enough evidence to show that a genuine issue of material fact remains on the claims challenged in the defendant's motion.[23]

### Does the Evidence Support the Ruling the Trial Court Made on Spears's Ownership Claims?

Before addressing Spears's other arguments, we must first address her arguments claiming the trial court ruled prematurely on Haynes's motion. According to Spears, the trial court should have waited before ruling because when the court ruled, no depositions had been taken and she was unaware when the hearing occurred that Haynes had responded to her written discovery. In the hearing, Spears asked the trial court to delay ruling so she could conduct more discovery.

The court's docket sheet reflects the trial court heard Haynes's motion more than two years after Spears filed suit. Before the hearing, Spears never filed an affidavit or verified motion seeking to continue the hearing. Had she done so, she might have provided the trial court with evidence leading to a ruling that would have

---

[22] Tex. R. Civ. P. 166a(c); *Knott*, 128 S.W.3d at 215-16.

[23] *Chavez v. Kan. City S. Ry. Co.*, 520 S.W.3d 898, 900, 901 (Tex. 2017).

allowed her to conduct more discovery before the court ruled on Haynes's motion. But without a verified motion to continue or affidavit explaining why the court should continue the hearing, the trial court was never required to decide whether any additional discovery was required.[24]

Because Spears failed to file a verified motion for continuance or affidavit explaining why she needed further discovery, she has no right to complain about the trial court's failure to entertain the oral, unsworn motion she made asking the court to give her more time to conduct discovery before ruling on Haynes's motion.[25]

Next, we address Spears's third argument claiming the summary-judgment evidence revealed issues of material fact on her claim she owns the property at issue in the dispute. Here, Haynes's summary-judgment evidence traced Wells Fargo's interest in Spears's note to the 1999 home-equity loan between Associates Financial and Spears.[26] When Spears defaulted on her note, Wells Fargo held it based on a chain of assignments that the evidence traces to Spears's original noteholder,

---

[24] *See* Tex. R. Civ. P. 166a(g), 251, 252.

[25] *See Tenneco Inc. v. Enter. Products Co.*, 925 S.W.2d 640, 647 (Tex. 1996) ("When a party contends that it has not had an adequate opportunity for discovery before a summary judgment hearing, it must file either an affidavit explaining the need for further discovery or a verified motion for continuance.").

[26] We note the deed of trust, which accompanied Spears's loan, contains a tenant-at-sufferance clause.

Associates Financial. In 2013, the evidence shows that Wells Fargo successfully sued Spears and obtained a judgment against her on her note. Under the 136th District Court's judgment, Wells Fargo had the right to sell the property that Spears used when she collateralized her 1999 loan. The judgment authorized Spears's property to be sold at a non-judicial foreclosure sale.

Before posting the property for sale, Wells Fargo assigned the rights it had in Spears's note and in the judgment signed by the 136th District Court to Bayview. Through its substitute trustee, Bayview then posted the property for sale, and the sale occurred in 2015. Following the sale, the substitute trustee conveyed the property to Bayview, as it was the party that purchased the property in the 2015 sale. In turn, Bayview sold the property to Haynes. The evidence needed to establish the above facts was all before the trial court when it ruled.

The main argument that Spears presents to support her third issue is that Bayview was not authorized to sell the property at issue in the dispute. But Wells Fargo's assignment is in the summary-judgment record. And under it, Bayview acquired all of Wells Fargo's rights to the property at issue. The assignment states Wells Fargo was conveying to Bayview "all interest, all liens, [and] any rights due or to become due thereon[.]" Thus, the "rights" Bayview acquired from Wells Fargo

14

included Wells Fargo's rights under the 2013 judgment issued by the 136th District Court.

Under Texas law, contracts—including mortgages—are freely assignable.[27] Here, Spears's deed of trust, which she signed in 1999 when she pledged the property as collateral, is also in the summary-judgment evidence. The deed of trust states its terms are binding and "benefit the successors and assign of Lender and Borrower." Stated another way, Spears's deed of trust allowed Wells Fargo to convey the rights it acquired against Spears under the note and deed of trust to Bayview.

In her brief, Spears argues generally that Wells Fargo's judgment was not binding on her because it never became final. She cites no cases to support that claim. And she filed no authority to support her claim that her rights in the property survived Bayview's purchase.

We conclude that (1) Haynes met his burden to produce summary-judgment evidence showing Spears had no ownership interest in the property, and that (2) Spears then failed to meet her burden to establish an issue of material fact remained

_____

[27] *See Shamel v. Specialized Loan Servicing, LLC*, No. 03-12-00691-CV, 2014 Tex. App. LEXIS 10888, at *10-11 (Tex. App.—Austin Oct. 2, 2014, no pet.) (mem. op.); *see also* Tex. R. Civ. P. 735 (Foreclosures Requiring a Court Order), 736 (Expedited Order Proceeding).

on her claim alleging she owns the property. Therefore, we hold the trial court properly granted Haynes's motion with respect to Spears's ownership claim.[28]

Given the state of the evidence, however, we cannot reach a similar conclusion on Spears's wrongful eviction claim. As to that claim, Haynes failed to carry his summary-judgment burden to establish that the claim had no merit or to show that the trial court lacked jurisdiction over the claim.

Here, Haynes's and Spears's pleadings both refer to eviction proceedings. However, Spears never admitted in her pleadings that Bayview or Haynes obtained final judgments evicting her from the property.[29] And while Haynes pleaded that the eviction proceedings resulted in a judgment, he never filed the judgment or established with other evidence that a judgment from the justice court, if one issued, had become final.

The summary-judgment record does not contain any of the relevant pleadings or judgments from the eviction proceedings the parties discussed in their pleadings. Generally, pleadings, even when sworn or verified, are not competent summary-

---

[28] *See* Tex. R. Civ. P. 166a(c); *Knott*, 128 S.W.3d at 215-16.

[29] Haynes informed the court in his brief that Spears is still on the property.

16

judgment proof.[30] Nothing in this record shows if Bayview or Haynes ever obtained a writ of possession that authorized Spears's eviction from the property.

We conclude that Haynes's argument asserting the eviction claim was tried to a final judgment is unavailing on the record that is before us here.[31] And even if Spears merely lives on the property as a tenant at sufferance, he was required to give her at least three days *written* notice to vacate the property.[32] His summary-judgment evidence failed to show that he ever gave her the notice to vacate that is required by statute.[33] We conclude the trial court erred by granting the motion for summary judgment on Spears's wrongful eviction claim.[34]

Finally, Haynes argues the trial court lacked jurisdiction over Spears's wrongful eviction claim. But Spears's petition asserts a claim for damages, so the scope of her claim was not limited to possession alone.

---

[30] *See Laidlaw Waste Sys., Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex.1995); *Hidalgo v. Surety Sav. & Loan Ass'n*, 462 S.W.2d 540, 545 (Tex. 1971).

[31] *See* Tex. R. Civ. P. 510.8(d).

[32] *Id*. § 24.005(b).

[33] *See id*.

[34] *McConnell v Southside Indep. Sch. Dist.*, 858 S.W.2d 334, 341 (Tex. 1993).

Even if Haynes had filed a copy of the judgments of eviction he claims he obtained to support his motion for summary judgment, forcible detainer cases adjudicate whether a party is entitled to immediate possession of the premises, not whether the party is entitled to damages.[35] Thus, decisions by justice courts about whether a party is entitled to possession do not bar claims seeking damages based on claims for wrongful eviction.[36] We conclude the trial court erred when it granted the summary judgment on Spears's wrongful eviction claim for damages.[37] We reverse the trial court's judgment as to that claim and remand the case for the proceedings required to resolve that claim.

## Issue Four,
## Motion for Rehearing

In issue four, Spears argues the trial court erred by denying her motion for rehearing. This argument is also unavailing. When granting a party's motion for summary judgment, trial courts, as a general rule, have no obligation to consider

---

[35] *Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 919-20 (Tex. 2013).

[36] *Id.*

[37] *Coinmach Corp.*, 417 S.W.3d at 920. We express no opinion on the merits of Spears's claim for wrongful eviction. We cannot prejudge the merits of that claim at this stage of the proceedings.

post-judgment motions.[38] Here, Spears's post-judgment motion presented no new evidence.

We conclude Spears failed to demonstrate the trial court abused its discretion by failing to rule on her motion to reconsider. Issue four is overruled.

Conclusion

We affirm the trial court's rulings as to Spears's claims of ownership. But we reverse the trial court's ruling granting the summary judgment on Spears's wrongful eviction, damages claim. The case is remanded to the 60th District Court for further proceedings solely on that claim.

For the reasons discussed above, the trial court's judgment is

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

_____
HOLLIS HORTON
Justice

Submitted on October 2, 2019
Opinion Delivered January 16, 2020

Before Kreger, Horton and Johnson, JJ.

---

[38] *Macy v. Waste Mgmt., Inc.*, 294 S.W.3d 638, 651 (Tex. App.—Houston [1st Dist.] 2009, pet. denied).